1824, which was out of term. The Justice had made a return.

*William M'Manus & John Woodworth, jun.* contra, moved to amend.

*Curia.* We grant the motion to amend, without costs.

---

HAZARD *against* HENRY, executor of POTTER.

THE First Judge of Ontario Common Pleas had, on the 13th April last, granted an order, absolute in the first instance, that the plaintiff's attorney furnish a bill of particulars in 20 days, and that all proceedings on the part of the plaintiff be stayed until such bill should be furnished. On the 15th April, *Wm. M. Oliver,* Esq. the plaintiff's attorney, requested the Judge to vacate this order, because it was absolute, which he declined doing; and now I moved to set it aside, because it should have been in the alternative, as was decided in the first volume of my reports, in *Brewster* v. *Sackett,* p. 571.

Order for bill of particulars absolute in the first instance. The judge is requested to vacate the order for that reason, which he refuses to do. Order, therefore, set aside for irregularity.

*J. L. Riker,* contra.

*Curia.* Take your rule.

Motion granted.

---

BOGART *against* BRINKERHOFF.

SLANDER in the New York Common Pleas, removed by *habeas corpus,* returnable in May term, 1823. Special bail was put in on the 6th August last, and notice thereof given

The two terms within which a plaintiff is allowed to declare on

a *habeas corpus* must be reckoned inclusive of the term at which bail is put in.

Motion to set aside declaration served after that time; but because the plaintiff showed a good excuse for the delay, the motion was denied.

And so the plaintiff does not *absolutely* lose his right to declare, though two terms pass.

NEW YORK, to the plaintiff's attorney, the next day.   The plaintiff did
May, 1824. not serve a declaration till in February term, 1824, so that
Bogart    two terms, including August term, (when bail was put in,)
v.        had elapsed since the defendant had put in bail.   'On the
Brinkorhoff. copy of declaration being left at the office of the defendant's
attorney, he declined receiving it.   On these facts,

*C. S. Woodhull,* moved to set aside the declaration, and
that proceedings on the part of the plaintiff be perpetually
stayed.

He insisted that the two terms after the return of the *ha-
beas corpus,* within which the plaintiff was bound to declare,
included the term at which bail is put in.   (1 Dunl. Pr.
228.   Sheridan's Pr. 487.   Wyche's Pr. 290.   2 Archb.
Pr. 173. 1 Tidd's Pr. 350. 2 Sell. Pr. 274.   *Cheetham
v. Lewis,* 3 Caines' Rep. 256. *Drake* v. *Hunt,* Col. Cas.
43. *Smith* v. *James,* 6 T. R. 752.   *Hutton* v. *Stoubridge,*
1 Str. 631. *Clark* v. *Harbin,* Barnes' Notes, 90.)   In *Bank
of Orange* v. *Van Aukin,* (1 Cowen's Rep. 58,) bail was
probably not put in before August term; and the only
question there was as to the manner of service.

*D. Brush,* contra, contended that the term of putting in
bail is to be excluded.

He also read an affidavit excusing the delay, stating
that the reason why he did not declare within two terms
inclusive was, that the late Judge Van Ness, who was
counsel in the cause, had a paper material to enable him to
declare ; that the paper was with Judge Van Ness at his
death.   This fact, and supposing there was a perfect under-
standing between him and the defendant's attorney, and
also supposing that the term of putting in bail was exclusive,
induced him to delay declaring till the 13th March.

*Curia.*   The term at which bail is put in must be reckon-
ed inclusive ; and the plaintiff was, in strictness, too late ;
but as a very satisfactory excuse is given for the delay, the
motion must be denied, without costs.

Motion denied.